IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CURTIS LEE SHEPPARD | § | |
| v. | § | CIVIL ACTION NO. 6:13cv862 |
| LARRY BERGER, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Curtis Sheppard, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sheppard complained that he was harassed and retaliated against for exercising his religious faith, Rastafarianism. He states that he has received disciplinary action for not cutting his hair, which he says is in violation of his religious faith. He added that in another case he had filed, the court ignored his request for injunctive relief, which would have prevented the unit administration from "bogus cases." He asked that all of his lost good time be restored and that he be awarded punitive damages.

After review of the pleadings, the Magistrate Judge issued a Report on January 14, 2014, recommending that the lawsuit be dismissed pursuant to the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that Sheppard had previously filed three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus is barred from proceeding *in forma pauperis*; instead, Sheppard must pay the full filing fee at the institution of his case or show that he is in imminent danger of serious physical

1

injury. 28 U.S.C. §1915(g). Because Sheppard did neither of these, the Magistrate Judge recommended that Sheppard's request for leave to proceed *in forma pauperis* be denied and that the lawsuit be dismissed.

Sheppard filed objections to the Magistrate Judge's Report. In his objections, Sheppard states that he continues to suffer from a campaign of harassment, retaliation, and discrimination. He argues that his previous cases should not count as strikes. In so doing, Sheppard points to Sheppard v. Alford, civil action no. 1:11cv169 (E.D.Tex.), saying that the Magistrate Judge stated that no appeal was taken, but that in fact, he filed a petition for a certificate of appealability and brief in support, which the Fifth Circuit denied. Although Sheppard concedes that this lawsuit was dismissed for failure to state a claim upon which relief may be granted, he appears to argue that the case should not be a strike because a federal civil rights lawsuit must be based on federal rather than state law. The district court docket in cause no. 1:11cv169 does not reflect that a notice of appeal was filed, and the fact that the case was dismissed for failure to state a claim renders it a strike under 28 U.S.C. §1915(g). This objection is without merit.

Sheppard also maintains that cause no.'s 7:09cv195 (N.D.Tex.) and 7:10cv24 (N.D.Tex.) should not count as strikes because he was incarcerated in a facility with an inadequate law library, which is a constitutional violation. Both of these lawsuits were dismissed by the Northern District of Texas as frivolous and have become final. As such, they count as strikes under 28 U.S.C. §1915(g). Sheppard's objection in this regard is without merit.

Following the entry of the Report of the Magistrate Judge, Sheppard filed a motion which he styled as a "life in danger transfer." This motion asserts that prison officials continue to violate his religious rights. He says that on one occasion, he received a tray on which the food was "half cooked and cold" and that he was once told that there was no requirement to give him cold water. These allegations, raised for the first time in his objections, are insufficient to show that he is in imminent danger of serious physical injury. *See* Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (imminent danger means "a genuine emergency" where "time is pressing"); Finley v. Johnson,

243 F.3d 215, 218 n.3 (5th Cir. 2001) (issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court).

The Magistrate Judge correctly determined that Sheppard had previously filed at least three lawsuits or appeals which were dismissed as three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief could be granted. The Magistrate Judge also correctly determined that Sheppard did not pay the filing fee or show that he is in imminent danger of serious physical injury. Because Sheppard did not pay the filing fee or show imminent danger, the Magistrate Judge properly recommended that the lawsuit be dismissed.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 9) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status be and hereby is REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action, including but not limited to the motions filed after the entry of the Report of the Magistrate Judge, are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 28th day of March, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE